UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA N., <br><br>                                   Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br>                                   Defendant. | Case No.:  3:21-cv-01504-JLB <br><br> **ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** <br><br> **[ECF No. 18]** |

Before the Court is a joint motion for an order awarding Plaintiff $7,500.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 18.) For the following reasons, the joint motion is **GRANTED**.

**I.    BACKGROUND**

The underlying action involves Plaintiff's appeal of the Social Security Administration's denial of her application for Supplemental Security Income benefits. (ECF Nos. 1; 6.)  The Commissioner of Social Security ("Commissioner") filed the

administrative record on May 20, 2022. (ECF No. 11.) On July 22, 2022, Plaintiff filed a merits brief. (ECF No. 14.) On August 26, 2022, the parties filed a joint motion for voluntary remand to the agency for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entry of judgment.[1] (ECF No. 15.) That same day, the Court granted the joint motion and remanded the matter to the agency for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 16.) The Clerk of Court was directed to enter final judgment in favor of Plaintiff, and against Defendant, reversing the final decision of the Commissioner. (*Id.*) Judgment was entered on August 26, 2022. (ECF No. 17.)

## II.   DISCUSSION

A litigant is "entitled to attorney's fees and costs if: (1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan*, 296 F.3d at 854 (citation omitted) (citing *Schalala*, 509 U.S. at 297). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the

---

[1] Pursuant to 42 U.S.C. § 405(g), an individual can seek judicial review after the final decision of the Commissioner of Social Security. "The fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand to the Commissioner of Social Security Administration." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schalala v. Schaefer*, 509 U.S. 292, 296 (1993)). Specifically, sentence four provides that "[t]he [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 602 (9th Cir. 2007).

Here, the Court finds the parties' joint motion is timely[2] and that Plaintiff is entitled to EAJA fees. First, the Court remanded this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entered judgment for Plaintiff. (ECF Nos. 16; 17.) Plaintiff is therefore the prevailing party, for "[a] plaintiff who obtains a sentence four remand," even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan*, 296 F.3d at 854 (citing *Schaefer*, 509 U.S. at 297–98, 301–02); *see also Roland S. v. Saul*, No. 3:20-CV-01068-AHG, 2021 WL 4081567, at *2 (S.D. Cal. Sept. 7, 2021) (finding the plaintiff to be the prevailing party where the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g) based on a joint motion for voluntary remand).

Second, the Commissioner makes no argument that her position was substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified."). Rather, the Commissioner filed a joint motion to voluntarily remand this case for further administrative proceedings, and the instant fee request comes to the Court by way of a joint motion. *See Ulugalu v. Berryhill*, No. 17-CV-01087-GPC-JLB, 2018 WL 2012330, at *3 (S.D. Cal. Apr. 30, 2018) (finding the Commissioner did not demonstrate substantial justification for her position

---

[2]   The instant joint motion was filed before the judgment became final. However, this Court finds, as other courts have, that prematurity does not bar a motion for EAJA fees. *See Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986); *Sergio C. v. Kijakazi*, No. 20-CV-02270-AHG, 2022 WL 1122847, at *2 (S.D. Cal. Apr. 14, 2022) (applying *Auke Bay* to conclude a plaintiff's EAJA fee application in a Social Security case was not premature where the court had remanded for payment of benefits, despite the application being filed before the sixty-day appeal period had run).

1  where she filed a voluntary stipulation for remand and the matter was referred to an
2  administrative law judge to make a new determination as to the plaintiff's disability).

3  Finally, Plaintiff's requested fees are reasonable. Plaintiff's counsel declares that
4  she spent 1.25 hours in 2021 at an hourly rate of $213.74, and she spent 31.75 hours in
5  2022 at an hourly rate of $231.49 working on this case, for a discount total of $7,500.00.[3]
6  (ECF Nos. 18-1 at 3; 18-3 at ¶ 3.) The hours are reasonable in light of Plaintiff's results in
7  the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has
8  obtained excellent results, his attorney should recover a fully compensatory fee."); *see also*
9  *Dana F. v. Kijakazi*, No. 20-CV-01548-AHG, 2022 WL 542881, at *3 (S.D. Cal. Feb. 23,
10 2022) (finding 40 hours billed by plaintiff's counsel a reasonable number of hours).
11 Notably, this case was resolved early in Plaintiff's favor. *See Costa v. Comm'r of Soc. Sec.*
12 *Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty
13 to forty hours is the range most often requested and granted in social security cases.").

14 The hourly rate is also reasonable. Counsel's hourly rate of $213.74 for work done
15 in 2021 is less than the Ninth Circuit's EAJA hourly rate, and Counsel's hourly rate of
16 $231.49 for work done in 2022 is equal to the Ninth Circuit's EAJA hourly rate. *See*
17 *Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. COURTS FOR THE
18 NINTH CIRCUIT, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last
19 visited October 3, 2022); *see also Roland S.*, 2021 WL 4081567, at *3 (finding hourly rates
20 consistent with the Ninth Circuit's EAJA rates to be reasonable).

21 ///
22 ///
23 ///
24 ///

---

[3] In Plaintiff's itemization of fees, the total fee was calculated to be $7,621.73. (ECF No. 18-2.) However, the parties negotiated a lesser amount and, in the parties' joint motion, the total fee requested was $7,500.00. (ECF No. 18 at 3.)

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' joint motion (ECF No. 18) and awards Plaintiff fees in the amount of $7,500.00, as authorized by 28 U.S.C. § 2412(d) subject to the terms of the joint motion.

**IT IS SO ORDERED.**

Dated: September 30, 2022

*Jill Burkhardt*